39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
THE HOME INSURANCE COMPANY, Plaintiff-Appellee,
v.
Charles B. BOWERS; Charles H. Emmons, personal
representative of the estate of Constance S.
Emmons, Defendants-Appellants,
and
R. Oscar Grant; G. Flynn Bowie; Margaret T. Cone; Kenneth
J. Jacobs; L. Brent Pate; Tina Marie O'Casio; Vicki L.
Gates; Jean H. Durham; Juanita C. Gower; Karen B. Belser;
Jack E. Kessler; John D. McConnell; Hugh F. Robinson;
Annem. Dyches; John A. McManus; Claudie C. Cooper; Lynda
G. Bull; John A. Hart; Harold A. Kline; Robert P.
Wilkins; Thomas D. Woodrum; Marie W. Sligh; Ralph Sligh;
J. MacDonald Willetts; Evelyn B. Baldauf; Lee Vincent;
Mary W. Shugart; David G. Ellisor; Theron Smith; James G.
Fleshman; Edwin E. Bowe; Matt O'Shields; Edna H. Fowler,
as personal representative of the Estate of Jean H. Durham,
deceased, Defendants.
 No. 93-2399.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 26, 1994.
Decided Nov. 7, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. William B. Traxler, Jr., District Judge. (CA-89-3048-3-21)
 Argued: Nathan Maxwell Crystal, Columbia, SC, for appellants. Ida Patterson Dorvee, Asst. Professor of Law, Emory University School of Law, Atlanta, GA, for appellee. On Brief: Joy S. Goodwin, Levy & Goodwin, Columbia, SC; Robert A. McKenzie, McDonald, McKenzie, Fuller, Rubin & Miller, Columbia, SC, for appellants. J. Randolph Evans, Arnall, Golden & Gregory, Atlanta, GA, for appellee.
 D.S.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MICHAEL and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles B. Bowers and Charles H. Emmons, personal representative of the Estate of Constance S. Emmons (the Emmons Estate or the Estate), appeal the district court's order rescinding Bowers' professional liability insurance policy with The Home Insurance Company (Home). At the close of evidence, before the case was submitted to the jury, the district court ruled from the bench that the claim of the Emmons Estate against Bowers was excluded from coverage as a matter of law. Then, as a factfinder in equity, the court issued a written order rescinding Bowers' policy for intentional misrepresentation. Because we conclude that both rulings were proper, we affirm.
 
 I.
 
 2
 Bowers practiced law in South Carolina until April 1989. From 1985 to early 1989, Bowers carried malpractice insurance issued by Home. During that same period Bowers borrowed money on false pretenses from the Emmons Estate, for which he was executor and trustee, and from several former and current clients. Bowers lost the money by speculating in stock options. While he was engaged in this conduct, Bowers (in 1987) made what turned out to be his last application for professional liability coverage from Home. One question on the application asked whether Bowers knew of "any circumstance, act, error, or omission that could result in a professional liability claim against him." Bowers answered "No."
 
 
 3
 The Emmons Estate learned of Bowers' conduct in 1989 when Bowers admitted that he had lost the Estate's money in stock options trading. Subsequently, Bowers was disbarred and some of his creditors obtained judgments against him. Home brought this diversity action against Bowers for a declaratory judgment that the policy did not cover these claims and that Bowers' false statements in his application entitled Home to rescind the policy. The Emmons Estate and others were permitted to intervene as defendants. Shortly before trial Home settled with all of the claimants except the Estate.
 
 
 4
 The district court issued two rulings in favor of Home. First, at the conclusion of the trial testimony, the court granted judgment as a matter of law on the grounds that Bowers' activities were barred from coverage under a policy provision excluding dishonest conduct. In a subsequent written opinion, the court issued findings of fact and conclusions of law and rescinded Bowers' policy on the grounds that he had intentionally deceived Home on his insurance application when he maintained he knew of no circumstances that could result in a claim against him. The rulings are, in effect, alternative, but we find both of them to be correct.
 
 II.
 
 5
 Bowers and the Emmons Estate first argue that they were entitled to a jury trial on the issue of rescission. Federal law governs the allocation of factfinding between judge and jury. Johnson v. Hugo's Skateway, 974 F.2d 1408, 1416 (4th Cir.1992). Bowers and the Estate concede that rescission is an equitable remedy. Gibbs v. G.K.H., Inc., 427 S.E.2d 701, 702 (S.C. Ct.App.1993). Under federal law there is no right to a jury trial on an equitable claim. Tull v. United States, 481 U.S. 412, 417 (1987). Granting an equitable remedy here was proper because Home had no equally prompt and efficient legal remedy. American Life Ins. Co. v. Stewart, 300 U.S. 203, 214-15 (1937). Therefore, the district court properly acted as factfinder.
 
 
 6
 Bowers and the Estate next claim that Home waived its right to rescind its insurance policy by settling claims against Bowers. This conduct, however, fails to meet the requirements for waiver. Waiver is a voluntary relinquishment of a known right. Southern Farm Bureau Casualty Ins. Co. v. Ausborn, 155 S.E.2d 902, 910 (S.C.1967). Here, Home settled the claims only after it had already brought suit for rescission of the policy. It continued to prosecute the suit after the settlements occurred. Home in no way indicated that it intended to relinquish its right to rescind the policy. Furthermore, implied waiver is treated similarly to estoppel, which requires detrimental reliance by the opposing party. Id. at 913. Bowers and the Estate have not shown that they detrimentally relied on Home's settlements in any way.*
 
 
 7
 Finally, Bowers and the Estate argue that if Bowers had made full disclosure on his policy application, and Home had not issued him a new policy, he could have applied for an extension of his 1987 policy. Therefore, Bowers and the Estate contend, the case should be remanded for determination of their equitable claim for coverage under the 1987 policy. The 1987 policy was never introduced into evidence. However, because Bowers' illicit borrowing began in 1984, his 1987 policy would be subject to rescission just as his 1988 policy was.
 
 
 8
 Because the district court properly acted as factfinder, we review its findings only for clear error. Finding no error and finding the other arguments considered above to be without merit, we endorse the reasoning of the district court. Home Ins. Co. v. Bowers, C/A No. 3:89-3048-21 (D.S.C., filed Nov. 23, 1993).
 
 III.
 
 9
 In its ruling from the bench, the district court held that Bowers' conduct was barred from coverage under a policy provision excluding any claim "based upon or arising out of any dishonest, deliberately fraudulent, maliciously or deliberately wrongful acts or omissions committed by the Insured." We agree with the district court that a reasonable factfinder must conclude that Bowers' conduct with regard to the Emmons Estate was dishonest. Undisputed evidence shows that Bowers removed funds from the Estate, giving the Estate unsecured promissory notes in return. Bowers placed this money into an account under his own name and lost it all by speculating in stock options. On at least one occasion Bowers liquidated property belonging to the Estate and diverted the proceeds into his options account. In a separate disciplinary proceeding, the South Carolina Supreme Court found Bowers guilty of "illegal conduct involving moral turpitude" and "conduct involving dishonesty, fraud, deceit, or misrepresentation." In re Bowers, 400 S.E.2d 134, 137 (S.C.1991).
 
 
 10
 Our holding in Continental Casualty Co. v. Burton, 795 F.2d 1187 (4th Cir.1986), does not preclude a finding that Bowers acted dishonestly. In Burton, a lawyer disappeared with money that his clients had entrusted to him. We affirmed the district court's denial of declaratory judgment in favor of the insurer because the cause of the lawyer's disappearance was unexplained and he was not available to testify. Here, in contrast, no serious issue of fact exists regarding Bowers' use of Estate funds, and judgment as a matter of law is appropriate.
 
 IV.
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 There is some dispute over whether Bowers and the Estate timely raised waiver as an affirmative defense below. Because we find that Home did not waive its right to rescind, we need not reach this issue